UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-03194-KK-SPx** | Date: | February 5, 2026 |
|---|---|---|---|
| Title: | ***Reuben S. O'Bryant Jr. v. General Motors LLC et al.*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 13]**

**I.**
**INTRODUCTION**

On September 15, 2025, plaintiff Reuben S. O'Bryant Jr. ("Plaintiff") filed a Complaint against defendant General Motors LLC ("Defendant") in San Bernardino County Superior Court, alleging violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., ("Magnuson-Moss Act") and California Uniform Commercial Code, Cal. Com. Code §§ 1203, 2313-15, 2602, 2607, 2608 ("UCC").  ECF Docket No. ("Dkt.") 1-1, Ex. A, Complaint ("Compl.").  On November 26, 2025, Defendant filed a Notice of Removal ("NOR") pursuant to 28 U.S.C. §§ 1331, 1367, and 1441.  Dkt. 1, NOR.  On December 23, 2025, Plaintiff filed the instant Motion to Remand ("Motion").  Dkt. 13, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons set forth below, Plaintiff's Motion is **DENIED**.

///

///

///

///

## II.
## BACKGROUND

### A.    RELEVANT FACTS

The Complaint alleges the following relevant facts:

Plaintiff purchased a 2017 Chevrolet Silverado from Defendant ("Subject Vehicle").  Compl. ¶ 6.  The Subject Vehicle was sold with "multiple manufacturer defects, defects in assembly, defects in design, and other defects" that rendered the Subject Vehicle "unsafe for use" and impossible to use "without substantial inconvenience and mechanical failure."  Id. ¶ 20.  "At the time Plaintiff purchased the Subject Vehicle, Plaintiff believed the Subject Vehicle conformed to factory specifications, but subsequently learned the Subject Vehicle did not conform."  Id. ¶ 23.  The Subject Vehicle was "virtually useless due to the frequency of breakdowns, the safety hazards associated with using the Subject Vehicle, and the amount of time the Subject Vehicle was out of service due to repair attempts made by Defendants."  Id. ¶ 26.  Plaintiff seeks, among other remedies, actual damages, consequential damages, incidental damages, restitution, a civil penalty, and statutory damages.  Id. at 9-10.

### B.    PROCEDURAL HISTORY

On September 15, 2025, Plaintiff filed the operative Complaint against Defendant in San Bernardino County Superior Court, raising claims under the Magnuson-Moss Act and UCC.  Id. ¶¶ 8-35.

On November 26, 2025, Defendant filed a Notice of Removal.  NOR.  Defendant argues removal is proper based on federal question jurisdiction over Plaintiff's Magnuson-Moss Act claims because the amount in controversy exceeds $50,000.  Id. at 3-4.  Defendant also argues supplemental jurisdiction should extend to Plaintiff's remaining UCC claims because those claims involve the same Subject Vehicle, warranties, and alleged defects.  Id. at 4-5.

On December 23, 2025, Plaintiff filed the instant Motion to Remand.  Mot.  Plaintiff argues this action should be remanded because the amount in controversy does not satisfy the Magnuson-Moss Act's $50,000 amount in controversy requirement.  Id. at 11.  Plaintiff asserts that the amount in damages should be half the cash price of the Subject Vehicle.  Id. at 13.  Plaintiff does not attach any evidence in support of his Motion.

On January 8, 2026, Defendant filed an Opposition to the Motion.  Dkt. 14, Opposition ("Opp.").  In support of the Opposition, Defendant submits a copy of the Subject Vehicle purchase contract, dkt. 14-2,  Ex. A ("Contract"), a copy of the Subject Vehicle service history, dkt. 14-3, Ex. B ("Service History"), and a copy of the Kelley Blue Book Value, dkt. 14-4, Ex. C ("Value Estimate").  Defendant also submits the Declaration of Thomas V. Wynsma ("Wynsma Decl.").  Dkt. 14-1.  Plaintiff did not file a reply.

This matter, thus, stands submitted.

///

**III.**
**LEGAL STANDARD**

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.

When removing a case under federal question jurisdiction, the defendant must establish the claims "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see also Negrete v. City of Oakland, 46 F.4th 811, 816-17 (9th Cir. 2022). Pursuant to 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Claims arising under the Magnuson-Moss Act do not trigger federal question jurisdiction unless the amount in controversy is equal to or greater than "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." 15 U.S.C. § 2310(d)(3)(B); see also Khachatryan v. BMW of N. Am., LLC, No. CV 21-1290-PA-PDx, 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021). In calculating damages for claims brought under the Magnuson-Moss Act, courts look "to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy." Romo v. FFG Ins. Co., 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005) (citing Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1039 (9th Cir. 2004)).

"A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

**IV.**
**DEFENDANT HAS MET ITS BURDEN FOR SATISFYING THE AMOUNT IN CONTROVERSY REQUIREMENT**

**A.     APPLICABLE LAW**

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citation modified). "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 793 (9th Cir. 2018). However, the amount of controversy is reduced if "a rule of law or measure of damages limits the amount of damages recoverable." Morris v. Hotel Riviera, Inc., 704 F.2d 1113, 1115 (9th Cir. 1983).

Where the amount in controversy is unclear or ambiguous from the face of the state-court complaint, "[a] defendant's amount in controversy allegation is normally accepted . . . unless it is 'contested by the plaintiff or questioned by the court.'" Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 992 (9th Cir. 2022) (quoting Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87 (2014)). In moving to remand a case, a plaintiff can make either a facial or factual attack on

the defendant's amount in controversy allegations.  <u>Harris v. KM Indus., Inc.</u>, 980 F.3d 694, 699 (9th Cir. 2020).  A facial attack "accepts the truth of the [defendant's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'"  <u>Id.</u> (quoting <u>Salter v. Quality Carriers, Inc.</u>, 974 F.3d 959, 964 (9th Cir. 2020)).  In contrast, a factual attack "contests the truth of the [defendant's] factual allegations" themselves.  <u>Salter</u>, 974 F.3d at 964 (citation modified) (quoting <u>Leite v. Crane Co.</u>, 749 F.3d 1117, 1121 (9th Cir. 2014)).

When a plaintiff facially attacks the defendant's jurisdictional allegations, the defendant need not present evidence in support of its allegations; rather, the defendant must only "include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[.]"  <u>Salter</u>, 974 F.3d at 965 (quoting <u>Dart Cherokee Basin Operating Co.</u>, 574 U.S. at 89).  However, when a plaintiff makes a factual attack, the defendant must "support[] its 'jurisdictional allegations with competent proof.'"  <u>Harris</u>, 980 F.3d at 701 (quoting <u>Salter</u>, 974 F.3d at 964).

To resolve a factual challenge, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  <u>Jauregui</u>, 28 F.4th at 992 (quoting <u>Dart Cherokee Basin Operating Co.</u>, 574 U.S. at 88).  Parties may submit evidence, "including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  <u>Ibarra</u>, 775 F.3d at 1197 (citation modified).  "A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold."  <u>Harris</u>, 980 F.3d at 701.

In California, the applicable state law for calculating remedies under the Magnuson-Moss Act is the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 <u>et seq.</u> ("Song-Beverly Act").  <u>Id.</u> at 1239-40.  Under the Song-Beverly Act, the buyer of a vehicle may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by an amount "directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."  Cal. Civ. Code § 1793.2(d)(2)(B)-(C); <u>see also</u> <u>Schneider v. Ford Motor Co.</u>, 756 F. App'x 699, 701 n.3 (9th Cir. 2018).  This reduction, also known as a mileage offset, is calculated by dividing the number of miles driven prior to first delivery for correction by 120,000 and multiplying the resulting fraction by the actual price of the new motor vehicle paid or payable by the buyer.  Cal. Civ. Code § 1793.2(d)(2)(C).  The calculation of the "actual price paid or payable" for the vehicle may be further reduced by certain statutory offsets, including optional equipment, negative equity, manufacturer's rebates, and unpaid financing costs.  <u>See</u> Cal. Civ. Proc. Code § 871.27.  If a defendant's violation of the Song-Beverly Act is willful, the buyer may recover a civil penalty of up to two times the amount of actual damages.  Cal. Civ. Code § 1794(c).

## B.  ANALYSIS

Here, Defendant has met its burden of establishing an amount in controversy in excess of $50,000 for federal question jurisdiction under the Magnuson-Moss Act.

As an initial matter, Plaintiff asserts Defendant must establish the jurisdictional threshold by a preponderance of the evidence.  Mot. at. 11.  However, Plaintiff makes only a facial attack on Defendant's jurisdictional allegations.  Specifically, Plaintiff argues that Defendant's assertions are "entirely conclusory" and "speculative claims."  <u>Id.</u> at 12.  Plaintiff contends that "Defendant offers no competent evidence quantifying damages."  <u>Id.</u>  This argument contests the sufficiency, rather

than the "rationality, or the factual basis," of Defendant's assertions. Salter, 974 F.3d at 964. Thus, contrary to Plaintiff's assertion, Defendant only need present a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Id. (citation modified) (quoting Dart Cherokee Basin Operating Co., 574 U.S. at 89); see also Castro v. Gen. Motors, LLC, No. CV 25-8792-MWF-SSCx, 2025 WL 3719459, at *4 (C.D. Cal. Dec. 22, 2025) (applying the plausibility standard to a similar challenge to removal jurisdiction). "[A]ccepting [Defendant's] allegations as true and drawing all reasonable inferences in [] [D]efendant's favor," the Court finds Defendant plausibly alleges the amount in controversy exceeds the jurisdictional threshold. Salter, 974 F.3d at 964; accord Kilkenny v. Gen. Motors, LLC, No. 25-cv-08009-PCP, 2025 WL 3628513, at *3 (N.D. Cal. Dec. 15, 2025).

Moreover, even if Plaintiff mounted a factual attack, Defendant provides sufficient evidence showing the amount in controversy satisfies the jurisdictional threshold. See Tate v. Gen. Motors LLC, No. CV 25-07663-DSF-MAAx, 2025 WL 3072627, at *3 (C.D. Cal. Nov. 3, 2025) (examining the evidence regarding the amount in controversy in light of the court's "independent obligation to determine whether subject-matter jurisdiction exists" (citation modified) (quoting Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006))). Namely, Defendant provides the Contract and Service History for the Subject Vehicle. Wynsma Decl. ¶¶ 2-3; see Carillo v. FCA USA, LLC, 546 F. Supp. 3d 995, 1001-04 (C.D. Cal. 2021) (finding the defendant met its evidentiary burden for establishing the amount in controversy by submitting the sales contract and repair history for the vehicle at issue). The Contract confirms the total sale price for the motor vehicle as $47,472.00. Contract at 1; see also Canesco v. Ford Motor Co., 570 F. Supp. 3d 872, 896 (S.D. Cal. 2021) (finding actual damages for a purchased vehicle include the unpaid amount of the loan balance). Plaintiff does not attest to the mileage of the vehicle at the time of first delivery for correction and does not attempt to calculate remedies under the Song-Beverly Act. While Defendant does not attest to the mileage offset, it does provide evidence that the Subject Vehicle reached 11,161 miles when it was tendered for servicing. Wynsma Decl. ¶ 4; see also NOR. Additionally, Defendant has submitted evidence that the Subject Vehicle was estimated as worth $25,664.00 as of January 8, 2026; this price is based on a quote for the same vehicle at 11,161 miles. Wynsma Decl. ¶ 5; Value Estimate at 1-2. In contrast, Plaintiff submits no evidence in opposition.

Thus, based on Defendant's uncontroverted evidence, the mileage offset is $4,415.29, and Plaintiff may recover $43,056.71 without factoring any statutory offsets, civil penalties, and other available remedies.[1] See Cal. Civ. Code § 1793.2(d)(2)(C); Contract; Value Estimate; Service History. The actual price payable by the buyer was $47,472.00. Contract at 1. The vehicle was first tendered to Defendant for a service involving diagnostic tests on March 4, 2019, and the mileage recorded was 11,161. Therefore, subtracting the mileage offset from the total sale price, the amount of Plaintiff's actual damages is $43,056.71. See Service History at 2. Including a civil penalty of up to two times this amount, see Cal. Civ. Code § 1794(c); Complaint at 4, the amount in controversy is

---

[1] Neither party addresses the statutory offsets available under California Civil Procedure Code section 871.27, which serves as "a rule of law or measure of damages limit[ing] the amount of damages recoverable" under the Song-Beverly Act. Morris, 704 F.2d at 1115; see Cal. Civ. Proc. Code § 871.27. Regardless, as discussed herein, consideration of these additional offsets is unlikely to affect the outcome of this case. See, e.g., Lee v. FCA US, LLC, No. CV 16-5190-PSG-MRWx, 2016 WL 11516754, at *3 (C.D. Cal. Nov. 7, 2016) (declining to consider additional awards where the defendant "established that statutory damages alone are likely to exceed the jurisdictional amount in controversy").

$129,170.13, well above the $50,000 threshold for federal question jurisdiction under the Magnuson-Moss Act.[2]

Hence, considering both actual damages and the civil penalty, Defendant has established by a preponderance of the evidence an amount in controversy above the $50,000 threshold for federal question jurisdiction under the Magnuson-Moss Act.[3]  Accordingly, Defendant has met its burden for demonstrating removal is proper.

## V.
## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**.

---

[2] Plaintiff incorrectly contends that neither the Magnuson-Moss Act nor UCC contain a civil penalty provision, and further asserts "the amount in controversy must be calculated exclusive of interest and costs."[2]  Mot. at 13; see Cal. Civ. Code § 1794(c).  As discussed above, the Song-Beverly Consumer Warranty Act is the applicable state law for calculating remedies under the Magnuson-Moss Act.  Moreover, Plaintiff explicitly requested civil penalties in the operative complaint.  Compl. at 9 ("Plaintiff prays for judgment against Defendant . . . [f]or a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).").

[3] To the extent the Court has original jurisdiction over Plaintiff's Magnuson-Moss Act claim, it also has supplemental jurisdiction over Plaintiff's related UCC claim.  See 28 U.S.C. § 1367(a).