UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-03194-KK-SPx** | Date: | May 29, 2026 |
|---|---|---|---|

| Title: | ***Reuben S. O'Bryant Jr. v. General Motors LLC et al.*** |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order to Show Cause Why Sanctions Should Not Be Imposed for Failure to File Pretrial Documents**

On February 2, 2026, the Court issued a Civil Trial Scheduling Order setting forth the filing schedule for pretrial documents prior to the Final Pretrial Conference scheduled for June 11, 2026. ECF Docket No. ("Dkt.") 18 at 5-11; see also C.D. Cal. L.R. 16-4 to 16-7.  The following pretrial documents were due no later than fourteen days prior to the Final Pretrial Conference:

1.    Proposed final pretrial conference order
2.    Stipulation of facts
3.    Joint exhibit stipulation
4.    Proposed jury instructions, and any objections
5.    Proposed verdict form(s)
6.    Joint statement of the case
7.    Proposed voir dire questions

Dkt. 18 at 6.  The parties, thus, were required to file these pretrial documents no later than May 28, 2026.  However, to date, the parties have failed to file these documents.  Therefore, the parties are in violation of the Court's Civil Trial Scheduling Order.  Id.

The Court has inherent power to impose sanctions for willful disobedience of a court order. See Evon v. Law Offs. of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2012).  Before imposing sanctions, however, the Court will afford the parties an opportunity to explain their failure to file the required pretrial documents as directed by the Court's Civil Trial Scheduling Order.

---

Accordingly, both parties are **ORDERED TO SHOW CAUSE** in writing no later than June 1, 2026, why they should not be sanctioned in the amount of $500 each for failing to comply with the Court's Civil Trial Scheduling Order.  Furthermore, **Plaintiff is expressly warned that failure to file a timely response to this Order <u>will</u> result in this action being dismissed without prejudice for failure to prosecute and comply with Court orders.  <u>See</u> Fed. R. Civ. P. 41(b).**

In addition, both parties are ordered to file the required pretrial documents **no later than June 1, 2026**.  Failure to comply with result in additional sanctions and may include the striking of the request for a jury trial.  <u>See</u> Fed. R. Civ. P. 16(f).

**IT IS SO ORDERED.**